# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Respondent, <br><br> v. <br><br> MARCUS TYREK CHASE, <br><br> Petitioner. | Civil Action No. 13-2119 <br> Criminal Action No. 11-378-8 |

## MEMORANDUM OPINION

Pending before the Court are two motions: (1) Petitioner's Motion to Seek Relief Under 18 U.S.C. § 3582(C)(2) ("Motion for Relief"); and (2) Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 ("Motion to Vacate"). The Court has carefully reviewed the record in connection with these Motions. For the following reasons, the Court **DENIES** both Motions.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On July 13, 2010, Petitioner was charged in a one-count Indictment for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. § 846. *See* Doc. No. 1. On September 1, 2011, pursuant to a plea agreement (Agreement), Petitioner pleaded guilty to the sole count of the Indictment. *See* Doc. Nos. 106–07.

In the Statement of Reasons, before departures, the Court made the following pertinent determinations regarding the Advisory Guideline Range:

| **Total Offense** | 34 |
|---|---|

| **Criminal History** | VI |
|---|---|
| **Imprisonment** | 262 to 327 months |

Doc. No. 254 at 1. However, the Court made a downward departure from the Guidelines, ultimately sentencing Petitioner to a total term of 180 months in prison. *See* Doc. No. 253.

On July 22, 2013, Petitioner filed the instant Motion to Vacate.[1] The Petitioner argues that his sentencing violated due process because the Court did not apply the Fair Sentencing Act (FSA) when determining the statutory penalty range. The FSA generally enacts more lenient penalty provisions for certain classes offenses involving cocaine base (i.e., crack cocaine). *See generally Dorsey v. United States*, 132 S. Ct. 2321 (2012). In *Dorsey*, the Supreme Court held that the FSA applies to offenders who committed crack cocaine offenses before the FSA was enacted but were not sentenced until after its passage. *See* 132 S. Ct. at 2326. In his own words, Petitioner's argument proceeds as follows:

> [T]his Court erroneously set the statutory maximum sentence at life, which in turn resulted in an erroneous base offense level under U.S.S.C. § 4B1.1, which in turn resulted in an erroneous starting point for the plea agreement in this case. In other words, the use of an erroneous statutory maximum term of life, instead of ten years, ultimately meant that this Court varied downward from 262 months, rather than 120 months, resulting in a longer sentence than otherwise would have been imposed.

Doc. No. 302 at 3–4.

Petitioner continues:

---

[1] The Court defers discussion of Petitioner's Motion for Relief because it is a less detailed variant of the Motion to Vacate.

> [A]ccording to the plea agreement, the Petitioner should not have faced a statutory penalty range of 10 years to life imprisonment. Rather, under the [FSA], he faces a statutory penalty range of 5 to 40 years imprisonment. In turn, his career offender Guideline range, which is based on the statutory penalty range, is 135 to 168 months of imprisonment, not 262 to 327 months of imprisonment.

*Id.* at 4.

The Government filed a Response on September 30, 2013. Doc. No. 332. Predictably, the Government vigorously opposes Petitioner's Motion to Vacate. Petitioner's reply was due by October 18, 2013. Petitioner has not replied.

## II.     ARGUMENT

The FSA provides that "[i]n the case of a violation . . . involving 280 grams or more of a mixture or substance . . . which contains cocaine base[,] such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." *See* 21 U.S.C. § 841(b). By contrast, the FSA provides that "[i]f the defendant was responsible for less than 280 but more than twenty-eight grams of crack, the applicable statutory penalties range from five to forty years of imprisonment." *United States v. Morton*, 499 F. App'x 310, 312 (4th Cir. 2012) (citation omitted).

In this case, Petitioner was not sentenced on the basis of an incorrect statutory penalty range. In the Agreement, Petitioner stipulated that "280 grams or more but less than 840 grams of cocaine base were reasonably foreseeable [to him]." Doc. No. 106-1 at 3. Likewise, in the Factual and Advisory Guidelines Stipulation section of the Agreement, Petitioner stipulated to a Base Offense Level of 32 "because at least 280 grams but less than 840 grams of cocaine base (crack) and at least 5 kilograms but less than 15 kilograms of cocaine were involved in the

3

offense." Doc. No. 106 at 4. Therefore, Petitioner's assertion that the Court improperly applied the statutory penalty range is flatly contradicted by the record.

Nor did the Court erroneously calculate Petitioner's Base Offense Level or Advisory Guidelines Range. The Base Offense Level for "[a]t least 280 G but less than 840 G of Cocaine Base" is "Level 32." U.S.S.G. § 2D1.1(4). However, as Petitioner stipulated in the Agreement, because he was at least eighteen when he committed the instant felony controlled substance offense and had two prior felony convictions for controlled substance offenses, Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1, which resulted in an increased Base Offense Level of 37. *See* Doc. No. 106 at 4; *see also* U.S.S.G. § 4B1.1(a)-(b). However, as Petitioner stipulated, the Total Offense Level was reduced to 34 based on Petitioner's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct and timely notification of his intention to plead guilty. *See* Doc. No. 106 at 4; *see also* U.S.S.G. § 3E1.1. The Court also properly found Petitioner to fall into Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b) because "[a] career offender's criminal history category in every case under [4B1.1(b)] shall be Category VI." U.S.S.G. § 4B1.1(b). Based on his Final Offense Level of 34 and Criminal History Category of VI, Petitioner correctly received an Advisory Guidelines Sentencing Range of 262 to 327 months. Therefore, contrary to Petitioner's contentions, the Court did not erroneously determine Petitioner's sentencing range under the FSA and Guidelines. Furthermore, the Court granted a downward departure and ultimately sentenced Petitioner to 180 months' imprisonment, which is significantly below the Advisory Guideline Range. Accordingly, the Court denies Petitioner's Motion to Vacate.

Petitioner's Motion for Relief is a less detailed version of his Motion to Vacate. Petitioner argues that "he qualifies for a sentence reduction under Amendment 750, and also in

light of [*Dorsey*]." Doc. No. 263 at 4. However, Amendments 748 and 750 were promulgated to bring the Guidelines into conformity with the FSA. *See* U.S. Sentencing Guidelines Manual app. C – vol. III, amds. 748, 750 (2011); *see also Dorsey*, 132 S. Ct. at 2329 (citations omitted). And, as spelled out above, Petitioner received the benefit of the FSA and revised Guidelines. *See* U.S.S.G. § 2D1.1(4). Therefore, Petitioner's Motion for Relief lacks merit.

## III. CONCLUSION

The Court has gone to great lengths to liberally construe Petitioner's Motion for Relief and Motion to Vacate. Understandably, the Government has vehemently opposed any consideration of the merits of any of Petitioner's claims. At the end of the day, the facts are what they are, and the applicable law is not on Petitioner's side. Accordingly, Petitioner's Motion for Relief and Motion to Vacate are hereby **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To meet this burden, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that "the issues presented are adequate to deserve encouragement to proceed further." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citations and internal quotation marks omitted). Petitioner has raised no arguments that cause this Court to view the issues as debatable, find that the issues could have been resolved differently, or conclude that the issues raise questions that warrant further review. Accordingly, the Court denies a Certificate of Appealability.

| December 20, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |